Thank you. Thank you, Your Honor. I'd like to reserve three minutes if I might. All right. My name is Blake Hall. I represent deputies Shubert and Gonzalez. A few days ago, this court sent a request out to the parties to be prepared to discuss the issue of whether or not the Ninth Circuit has jurisdiction to hear this appeal. In light of that, I believe that is the discussion. The court made that request in light of a Tenth Circuit decision in Powell v. Miller. I assume that the court asked us to review that case under the belief that maybe this was a case of first impression in the Ninth Circuit. I would submit to this court I do not believe this is a case of first impression in the Ninth Circuit and refer this court to Osband v. Woodford, found at 290 Fed Third 1036, which is a Ninth Circuit decision. In that case, the Ninth Circuit allowed an interlocutory appeal on a motion or on a denial of a motion to reconsider a collateral order. In that case, it was a protective order. The Ninth Circuit, in that particular case, specifically quoting from Cohen, stated the district court's denial of the motion to reconsider is too important to be denied review and too independent of the cause itself to require the appellate consideration to be deferred until the whole case is adjudicated. Of course, collateral appeals are allowed for interlocutory decisions which conclusively determine a disputed question, resolve an important issue, separate and collateral to the merits of the underlying action, and are effectively unreviewable from a final judgment. Interestingly in this case, counsel, it is correct, is it not, that the initial determination, the summary judgment determination, finding no qualified immunity within the time frame to appeal that, you didn't appeal it, right? That is correct. Doesn't adopting your approach with respect to appeal a qualified immunity determination? If it's simply as easy as filing a year later a motion to reconsider and then reviving your appellate rights, that really doesn't make a lot of practical sense, does it? Well, I think that it does because there are all sorts of other issues that occur oftentimes with regard to discovery negotiations that are going on and so forth, and new case law that occurs. Interestingly enough, to me at least, is the fact that the Tenth Circuit didn't even address Gilder v. Coxcom Inc., which is a Tenth Circuit decision found at 696 Fed 3rd, 966, wherein the Tenth Circuit held at the time to appeal a motion for reconsideration order ran from the decision on reconsideration, not from the original date of the order. Therein, the court, the Tenth Circuit specifically stated the precise statement of the effect of a motion to reconsider can be found in the United States v. Ibarra, which held that when this wasn't a timely motion to reconsider. Well, it wasn't a timely motion to reconsider because on a motion for summary judgment, you have the right to file a motion to reconsider under the federal rules up to and until the time of trial. And interestingly... What, Rule 60? Which rule are you referring to? Rule 59, Your Honor. Is this a Rule 59 motion or a Rule 60 motion? We file them under both provisions, Your Honor. Well, which is it? You can't just put a whole bunch of different rules and say... What is the rule under which your motion is brought? We brought it under clear air under Rule 59, Your Honor. Additionally, Your Honor, I think the United States Supreme Court has made this issue clear as well. In the United States v. Ibarra, the United States Supreme Court went through it in some detail and reviewed its prior decisions in Haley and in Deiter. And the court stated that we think the Court of Appeals has misread our decisions in Haley and Deiter. The first of these decisions establishes that a motion to rehear in a criminal case, like a motion for rehearing in a civil case, renders an otherwise final decision of a district court not final until it decides the petition for rehearing. Now, in that occasion, what the Supreme Court was attempting to address was when there were these efforts to try to partial out the differences between, well, did they argue this at the original motion for summary judgment? Did they not argue this? What had occurred? And it was interesting that the Supreme Court held undoubtedly some motions for reconsideration are so totally lacking in merit that the virtues of a rule established in Haley are not recognized in delaying the 30-day period. But there is no certain way of deciding in advance which motions for reconsideration have the requisite degree of merit and which do not. Given this, it is far better that all such motions be submitted under one general rule, the rule laid down in Haley. Without a clear general rule, litigants would be required to guess at their peril the date at which time to appeal commences to run. In fact, what the Supreme Court has held is that when a timely motion for reconsideration was filed, there's been no argument in this case that our motion for reconsideration was not timely either by the... Well, a Rule 59 motion has a strict time limit, doesn't it? I apologize, I don't have Rule 59 right in front of me, so I can't answer the court's question in that fashion. Motion to alter the judgment has to be followed within 28 days after the entry of the judgment. But in this case, Your Honor, there is a new law issued by the Supreme Court that indicates that the district court has committed error, clear error. And if we're not allowed then to point out to the district court it's clear error and allow the court to make a decision with regard to the qualified immunity, then effectively the benefits of qualified immunity, which the Supreme Court has made very clear... What is the new law? Is that City of... Escondido. Yeah, how is that any... It's simply a reiteration of the Kissela case. It's not new law. What's new about it? Well, in my view, it makes it clear to the Ninth Circuit and to judges within the Ninth Circuit that you cannot state with generality what the law is that an individual would have to be aware of it. That's not new. That was the law before. Well, I don't believe it was clearly stated as the law before. I think the court is correct. Kissela makes reference to that. White makes reference to that. But in spite of those decisions, the Supreme Court had to clarify to all the parties what it meant as it did in Escondido. If the law was so clear prior to Escondido with regards to what that status was, and as you've indicated in White and in the other case, then there would have been no purpose, no need for Escondido. And in this case, Your Honor, it is clear that what the court has done is they have attempted to, at the district court level, is to ignore the Supreme Court rulings that you need to state with particularity when you are going to deny a motion for summary judgment on the basis of qualified immunity what case it would have been that would have put the officers or deputies in this case on notice that they were violating someone's constitutional right. Those can you point me to a case where that's been applied in the disregard for medical care context? Well, the cases cited by the court in reaching his decision at the district court level all dealt with medical attention cases and attempting to construe those medical attention cases to be the same as the case that we have before you. In those cases, they were dealing with medical officers. In our case, we're not dealing with medical officers. They were dealing with individuals who were denied medical access for weeks or months or upon transfer. And in our case, Your Honor, we have an individual that was in our jail for less than 48 hours and who was seen within hours, mere hours, of the request for medical attention. Quite frankly, I would submit faster than he would have been seen by a medical professional. Yes, but those are all factual disputes. The question I thought what you were talking about is that you need to be, you have to have something more than a general proposition of law. It has to be settled law. It's been settled law for a long time that you can't disregard medical need. And then it becomes a factual dispute on whether or not you did or you didn't. Yes, but when deciding qualified immunity, you do not decide qualified immunity by saying whether there are factual disputes. What the court requires is that you assume the facts as stated by the plaintiff to the extent they are supported in the record. And assuming those facts, would that put someone on notice they're violating someone's constitutional rights? And there may be a factual dispute about that. Not for purposes of making I don't agree with you that that you're sort of writing out there. You say in a qualified immunity context, there's never disputed facts. There may be disputed facts, your honor, but for purposes of determining whether or not qualified immunity applies, the court is required to assume the facts that are in the record as asserted by the plaintiff and resolve all disputed facts in favor of the plaintiff. We're not conceding that there may be some disputed facts. But they have to resolve any disputed facts in the favor of the plaintiff and then make a determination under those facts that are most favorable to the plaintiff, whether or not these individuals would have qualified, would have been entitled to qualified immunity. That becomes a question of law. The Supreme Court has made it very clear. In the district court in this context said, taking the plaintiff's version of events, if you accept those version of events, then your clients wouldn't be entitled to qualified immunity. And your clients have a very different version of events, which will then get litigated at trial. Now this court, the district court, actually didn't make that determination. The district court said that a reasonable juror could conclude that there are disputed facts and that they may or may not be entitled to qualified immunity. The issue of a question of law... That's exactly that. That's the district court's language is very similar to the language in Oren versus City of Tacoma, which came out this year from the Ninth Circuit, which talked about, in explaining it, talks about a reasonable jury. But the issue of qualified immunity is a question of law, not a question of fact. The district court is required to assume the facts most favorable to the plaintiff, as stated by the plaintiff, and then make a decision based on a question of law. I don't think Judge Windmill said anything contrary to what you just said. And with all due respect, I disagree. If you look at the cases he cited, I don't think there's a particularity that the cases that he cited would put an officer on notice. I see that my time's up. I know you wanted to save some time. Thank you. Can you hear me, Your Honors? Yes, we can. Okay. What I thought I would do first, based on just this discussion that we had first initially, is to take a look at Rule 59 and 60. And I think the court noted that there are strict time limitations there. If they brought this under Rule 59, which appears to, well, it states that it's a motion that would alter amended judgment. I'm not sure that would be the case. But in any case, that rule requires 28 days after the entry of judgment. So obviously, they didn't meet that standard because the court's original summary judgment order was in July of 2018. And they didn't file their motion to admit. And then if we look at Rule 60, the timing under that indicates that it must be made within a reasonable time. And I think that's basically this Powell decision that the court had us review addresses this reasonable time issue and how waiting three years after the fact is not a reasonable time to challenge a qualified immunity decision. So that therefore, it's a, this is an issue that shouldn't be, this court doesn't have jurisdiction over. So, counsel, can you respond to your opposing counsel's argument that under Osbon, we do have jurisdiction to hear this motion to reconsider? Well, I want to, I was going to drill down a little further, because I think that really the fundamental error with this appeal is the standard of review and the questions, if you will, that the appellants want the court to address. And in the Miller decision, it references circumstances. What are the circumstances? What are the questions? And that court noted that you can't use this really, and we touched on in our briefs, this is a limited, an interlocutory appeal is a limited right that you have. But they noted that the Powell court noted that a, the standard review on a motion to reconsider is abusive discretion. And, and so I just didn't believe. What does that have to do with our jurisdiction? Do you believe we have jurisdiction over this motion or do we not? You, you do not because you, you're being asked the wrong questions. And I was just reading that decision out of Miller, an order denying reconsideration of the denial of qualified immunity does not, however, satisfy the elements of the collateral order doctrine. And that's what, what counsel was referring to, which is you, you have to, in effect, in a qualified immunity challenge, you have to collateralize, you have to separate the issues from the underlying case to specific questions of law having to do with the qualified immunity decision. And so the, the Powell court just said that the motion to reconsider itself does not meet that criteria. You have to be able to come under the, to the right questions. And if you look at the appellant's brief throughout, they're asking this court, they've actually, they're asking this court to review this case on de novo, which is, as it is pointed out by by judge Seaborg that now they're, they're, really wanting this court to get into the factual findings of this judge and to delve into discovery responses and affidavits and depositions. And that's really something that belongs in the province of the trial court. This, the appellate court is not suited really to take a look at those questions. And so it's a basic threshold that you have to meet. You know, it's more on a subject matter lines, but it's, it's, it's a jurisdictional threshold. If you, if you going back to on the jurisdictional question, should it matter what the grounds are for the request to reconsider? In other words, if there, let's assume there has been a change in the law, but after the period of time has run for making a motion to reconsider under rule 59, if the law does change, uh, and you make a motion to reconsider on that grounds, shouldn't there then be an opportunity to have that subject to appeal? Well, again, I, all we can do is look at what the questions that, I mean, hypothetically, yes, but that's not the case here. Uh, because what they're, what they're asking this court to do is to review the court's factual findings in this case. And, and so I think it, we just don't even get to that. Except your, your, uh, counterpart says, I don't happen to agree, but says that the law has changed and that is the basis of their, one of the bases of their motion to reconsider. Now, even if you disagree with that, shouldn't that then be a proper subject of a motion to reconsider and then be subject to appeal? And in the Miller case, there's no real discussion about the different grounds. Or should there be a different rule if, if it's just nothing's changed and you try again months later versus there, there is an argument the law has changed, a rise or fall on the, on that argument, but shouldn't that be a timely motion and a motion that then can be considered on appeal? And that, you know, that's a, that's a good question. Um, uh, possibly, possibly. I, uh, but again, I mean, this is an issue that we, that we haven't, that we haven't briefed, but if the law hasn't really changed, then that all doesn't matter in this case. But I think that I I'll go back to the points that were made in this Powell decision is that you have to look at the circumstances and what are the questions that they're asking you to review? And, and so even more fundamentally, if it's, so in this case, isn't the question they're asking us to review a legal question, which we always have the ability to review de novo. Uh, I don't, I, I didn't see that in their brief. I think, I mean, obviously there's legal questions in whatever appeal that you, that you provide, but, um, the, they're arguing that the district court applied the wrong standard for, uh, qualified immunity. How's that not a whether the court, uh, um, improperly, uh, construed the facts in this case? Um, no, I think they're, they're saying that the court properly construed the law that qualified immunity that there, that, that, that qualified in the, under the facts of this case, that there is a clearly established law. And isn't that a legal question? Yeah, no, I mean, that's a legal question. I, you know, I'm saying that, uh, but, uh, but I think it's the standard, the legal question that they're asking the answer is not the one that you, you should be addressing, uh, on the, on the appeal. Um, and, uh, and I referenced those in the decision. It turns on the um, that, uh, basically, um, you have to construe not only, uh, you know, you, you have to assume all the facts are decided that in the, in the, uh, plaintiff's favor and that even if all of the facts, even if, if, if the jury were to find all of the facts to be true that the plaintiff is alleging, uh, then would there still be qualified immunity? And that's where I think that's, that's the fundamental flaw in, in, in even both the legal and the factual approaches that, uh, they're wanting this court to review facts. They're wanting this court to, to, uh, in effect, use a summary judgment standard, uh, rather than the standard that has been set for qualified immunity. Uh, so, um, I don't know if we, uh, to get into, uh, I'll get into a little bit on the, on, on the substantive issues. Uh, but I also didn't see anywhere in the appellate brief, uh, where even notwithstanding these so-called changes in, in the law that, that had any impact impact on, um, whether the judge should have changed his decision on that. And he, uh, Judge thoroughly reviewed the cases that were cited, which were largely fourth amendment cases. And he, uh, came down to that, that standard that still applies today that, uh, uh, when there is evidence of deliberate indifference to a serious medical need, that that's a, that's a sufficiently particularized right, uh, for, um, that. But counsel, didn't the Supreme Court say that when we analyze qualified immunity, we're supposed to look at whether or not the law is currently established under the specific context, that issue. So what, what case shows that under the facts of this case, that, that the law is clearly established? Well, uh, we, we have the statements by, um, I mean, we'll just refer to, if you're asking for case law, it's Woods v. Carey. Um, it's Kelly v. Borg. Uh, what were the facts in those cases that make it those, the controlling, uh, law here? It has, they, they have to do with denying or delaying prisoners access to medical care. And, uh, and that's just precisely what we're alleging here is that, uh, Mr. Hanson, uh, made repeated requests to have his eye condition checked and that they refuse that they denied it over and over and over again. But, but doesn't there have to be a case or, uh, that says that doing that under that fact pattern that the clearly established law says that that is wrong? Well, I think there is a, when we're talking about an eighth amendment case and not a fourth amendment where, where we have lots of variations, uh, over time as to what is considered excessive force that, um, the, this, this, the ninth circuit, the Supreme court has recognized that we can't, we can't define, we can't define those rights too narrowly, uh, to, uh, so that, um, people are, don't aren't able to pursue claims because not every case is going to be exactly the same. And I, there was no decision cited in the appellants brief to suggest that, uh, eighth amendment cases have to be particularized to the point that, that we're going over different kinds of medical conditions. What's the distinction between the eighth amendment and fourth amendment cases that you don't think you need that particularized, uh, uh, case, uh, law? Yeah. So the fourth, fourth amendment, um, because it, what constitutes in a proper seizure or what's excessive force is something that's perhaps evolved and, and is, uh, maybe even nebulous at times. It's, it goes, it boils down to really a policy issue as to, uh, in those instances where quick decisions, uh, what do they know that they can or can't do? And, uh, so that's, that's why I think that this particularization has really developed in the fourth amendment because that is something that has evolved over time. Uh, and that's not been the case for eighth amendment cases because we have this fairly well established standard delivered indifference to a clear to, uh, a, in this case, a prison or jail official that if a, an inmate comes to them and or someone that is in their custody comes to them and has a medical problem, uh, and they don't address it, then they know that they have to do something about it. So I think we have to be careful not to mesh, uh, fourth amendment and eighth amendment, because I think they're two completely different animals. So I think you're in, in closing, uh, this, this appeal should be denied and we should finally be able to get back to the, to, with litigating this case. And this is, this case has been going on for four years. Um, and it got postponed just before trial. Uh, and, uh, you know, I think this is a baseless appeal in our opinion. Thank you. Thank you. You've got some rebuttal time, counsel. Thank you, Your Honor. Uh, I believe that this case, like Ibarra, Yelder, and Osbon, that the appellants did file a timely motion for reconsideration. I would have the court note that Judge Windmill did not deny the motion for reconsideration on the basis that it was not And the appellant and the respondents did not object to the motion for reconsideration on the basis that they thought it was untimely. And so in effect, if, if that was an issue, it would have been waived at the district court level when there was no objection to the motion to reconsideration on the basis of it in some fashion being untimely. Then where you end up is you have a decision on that motion for reconsideration. And clearly the United States Supreme Court has indicated under Ibarra that when you have a new decision on a motion for summary judgment under a motion for reconsideration, that that renews the case, renews the timeframe for establishing the time period for appeal of We believe that the district court erred in finding genuine disputes of fact as the basis for denial of the whole identity. Let me just ask you, if the facts, assume for a moment, the facts established that Mr. Hanson did ask both of these defendants, alerted them to the fact that he had a prescription for eye drops and told them that, and that turns out to be the facts that are established and they ignored it for whatever period of time we're talking about now, willfully ignored it, would that constitute a constitutional violation? I think that it would if that were the facts established. In this case, that is not the facts. We have to assume the facts as the plaintiff has alleged them. And that's exactly what Mr. Hanson has said was the case. No, it isn't. Because what he has said is that he advised them that he had a prescription. They checked to see if he had a prescription. In fact, he did not have a prescription. And within hours of him notifying them that he needed medical attention, we're not talking about days, we're not talking about weeks. Within hours, they arranged for him to be seen by a medical professional and that medical professional gave him the first prescription that in fact he ever had for... He alleges he did have a prescription. He says he did. Now you say the facts will show he didn't, but he says he did. And we have to assume the facts as he sets them forth for qualified immunity. But if they were to deny him that prescription, then that would be evidence in the record that they denied him the prescription. The only evidence in the record is as soon as he claimed to have a prescription, they searched with the state repository to determine if he had such a prescription. There was no prescription. So they then arranged for him to be seen by their medical doctor, who in fact then prescribed such a prescription. And he then therefore was given the prescription literally within hours, not days, not weeks, but within hours of him notifying him that he had a need for such a prescription. All right. Thank you, counsel. Our questioning took you over time, but I thank counsel for both sides for your argument and the matter is submitted. Thank you. Have a good day. Thank you, counsel. You too. Right. Our last case on the calendar has previously been submitted on the briefs and record. So we're adjourned for the week.
judges: Nguyen, Seeborg, Bumatay